UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXANDRA AUGUSTE-LEWIS,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

CASE NO. C12-1901JLR

ORDER GRANTING UNITED STATES' MOTION TO DISMISS

## I.  INTRODUCTION

Before the court is Defendant United States of America's second motion to dismiss *pro se* Plaintiff Alexandra Auguste-Lewis's complaint.  (2d Mot. (Dkt. # 39).) The court has considered the motion, all submissions filed by the parties related to the

//

//

//

//

ORDER- 1

1   motion, the balance of the record, and the applicable law.  Being fully advised,[1] the court

2   GRANTS the motion and DISMISSES Ms. Auguste-Lewis's complaint with prejudice.

3                                    **II.       BACKGROUND**

4           This lawsuit arises out of an automobile accident that occurred on October 26,

5   2009, between vehicles driven by Ms. Auguste-Lewis and United States Postal Service

6   ("USPS") employee, Jorge Santis.  (*See* Compl. (Dkt. # 3) at 2.)  On December 1, 2009,

7   counsel for Ms. Auguste-Lewis notified USPS of Ms. Auguste-Lewis's intent to file a

8   claim for damages allegedly arising from the October 26, 2009, accident.  (Bjurstrom

9   Decl. (Dkt. # 39-2) ¶ 9, Ex. A (attaching the December 9, 2009, letter from Ms. Auguste-

10  Lewis's attorney).)

11          On December 2, 2009, USPS sent Ms. Auguste-Lewis's attorney instructions on

12  how to file a claim with the agency and included a Standard Form 95 ("SF-95"), which is

13  the form used to initiate an administrative tort claim against the United States.  (*Id.* ¶ 10,

14  Ex. B (attaching the letter from USPS's tort claim coordinator to Ms. Auguste-Lewis's

15  attorney).)  On December 23, 2009, Ms. Auguste-Lewis's attorney informed USPS that

16  as of December 17, 2009, he and his firm no longer represented Ms. Auguste-Lewis.  (*Id.*

17  ¶ 11, Ex. C (attaching the letter from Ms. Auguste-Lewis's attorney to USPS).)

18          On November 14, 2012, Ms. Auguste-Lewis, acting *pro se*, submitted an SF-95

19  form to USPS claiming $697,000.00 in total damages allegedly caused by the October 26,

20  _____

21          [1] No party has requested oral argument and the court deems it unnecessary to aid in the
    disposition of this matter.  *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered

22  by the court, all motions will be decided by the court without oral argument.").)

2009, automobile accident.  (*Id.* ¶ 12, Ex. D (attaching the SF-95 form and proof of service).)  USPS acknowledged receipt of the SF-95 form that same day.  (*Id.* ¶ 13, Ex. E (attaching the letter from USPS to Ms. Auguste-Lewis).)

On November 20, 2012, USPS informed Ms. Auguste-Lewis that her claim was assigned to the National Tort Center of USPS for adjudication.  (*Id.* ¶ 14, Ex. F (attaching letter from Tort Claims Adjudicator to Ms. Auguste-Lewis).)  On February 5, 2013, USPS denied Ms. Auguste-Lewis's administrative claim as untimely due to the expiration of the Federal Tort Claims Act's ("FTCA"), 28 U.S.C. § 2401(b), two-year statute of limitations.  (*Id.* ¶ 15, Ex. G (attaching denial letter).)

On October 31, 2012, Ms. Auguste-Lewis filed the present action in this court. (*See* Compl.)  On August 13, 2013, the United States moved to dismiss Ms. Auguste-Lewis's complaint for lack of subject matter jurisdiction based on expiration of the time limitations set forth in 28 U.S.C. § 2401(b) of the FTCA.  (1st Mot. (Dkt. # 17).)  On September 24, 2013, the court granted the United States' motion and dismissed the complaint.  (9/24/13 Order (Dkt. # 25).)  On December 6, 2013, Ms. Auguste-Lewis appealed the court's order to the Ninth Circuit Court of Appeals.  (Not. of App. (Dkt. # 28).)

The United States moved for stay of the appeal between March 2014 and February 2015 pending the United States Supreme Court's decision in *United States v. Kwai Fun Wong*, --- U.S. ---, 135 S. Ct. 1625 (2015), which addressed whether the time limitations set forth in 28 U.S.C. § 2401(b)of the FTCA were jurisdictional in nature or merely claims processing rules.  *See Auguste-Lewis v. United States*, Ninth Circuit Case No.

13-36146 (Dkt. ## 5, 10, 13).  On July 29, 2015, the Ninth Circuit granted the United States' motion to remand the present action to allow the district court to conduct further proceedings consistent with the Supreme Court's decision in *Wong*, 135 S. Ct. at 1638, which held that the FTCA's two-year statute of limitations for filing an administrative claim under 28 U.S.C. § 2401(b) is non-jurisdictional and therefore subject to equitable tolling.  *See Auguste-Lewis*, Ninth Circuit Case No. 13-36146 (Dkt. ## 17 (order), 18 (mandate)).

Following remand, on November 10, 2015, the United States filed its present motion to dismiss, arguing that Ms. Auguste-Lewis failed to timely file her administrative claim within the two-year statute of limitations contained in 28 U.S.C. § 2401(b) of the FTCA and accordingly the United States had not waived its sovereign immunity.  (*See generally* 2d Mot.)  On January 6, 2016, Ms. Auguste-Lewis filed a submission (Resp. (Dkt. # 43)), which the court liberally construed as both a motion to extend the time in which to respond to the United States' motion and as a substantive response to that motion (1/8/16 Order (Dkt. # 44) at 2).  The court granted Ms. Auguste-Lewis's motion for additional time and accepted her response as timely.  (*Id.*)  The United States filed its reply memorandum on January 15, 2016.  (Reply (Dkt. # 45).)  The court now considers the United States' motion.

## III.   ANALYSIS

The United States has sovereign immunity except when it consents to be sued. *Untied States v. Mitchell*, 463 U.S. 206, 212 (1983).  "The FTCA waives the government's sovereign immunity for civil suits seeking money damages 'for injury or

1  loss of property, or personal injury or death caused by the negligent or wrongful act or

2  omission of any employee of the Government while acting within the scope of his office

3  or employment, under circumstances where the United States, if a private person, would

4  be liable to the claimant in accordance with the law of the place where the act or

5  omission occurred.'"  *Meier v. Shinseki*, 626 F. App'x 706, 708 (9th Cir. 2015) (quoting

6  28 U.S.C. § 1346(b)(1)).  Common law tort claims against the United States, its agencies,

7  or its officers acting within the scope of their employment may only be brought under the

8  FTCA.  28 U.S.C. § 2679(b)(1).  The United States moves to dismiss Ms. Auguste-

9  Lewis's complaint arguing that it has not waived its sovereign immunity with respect to

10 Ms. Auguste-Lewis's claim because she failed to timely present her administrative tort

11 claim within two years, as required by 28 U.S.C. § 2401(b) of the FTCA.  (2d Mot. at 5-

12 6.)

13        **A.  Timeliness of Claim**

14        To bring a claim under the FTCA, a plaintiff must present an administrative tort

15 claim to the appropriate federal agency within two years after the claim accrues:

16        A tort claim against the United States shall be forever barred unless it is
       presented in writing to the appropriate Federal agency within two years
17      after such claim accrues or unless action is begun within six months after
       the date of mailing, by certified or registered mail, of notice of final denial
18      of the claim by the agency to which it was presented.

19 28 U.S.C. § 2401(b); *see also* 28 U.S.C. § 2675(a) ("An action shall not be instituted

20 upon a claim against the United States for . . . injury of loss of property . . . caused by the

21 negligent or wrongful act or omission of any employee of the Government while acting

22 within the scope of his office or employment, unless the claimant shall have first

ORDER- 5

1  presented the claim to the appropriate Federal agency and his claim shall have been

2  finally denied by the agency . . . .").

3      Presentment of the claim must occur within two years from the incident, *id.*, and

4  requires that the federal agency "receive[ ] from the claimant . . . an executed Standard

5  Form 95 or other written notification of an incident, accompanied by a claim for money

6  damages in a sum certain for injury to or loss of property, personal injury, or death

7  alleged to have occurred by reason of the incident." *Bailey v. United States*, 642 F.2d

8  344, 346 (9th Cir. 1981) (citing 28 C.F.R. § 14.2).  The terms "present" and "received"

9  have different meanings—a claim "received" by a federal agency may not be in proper

10  form pursuant to 28 U.S.C. §§ 2401(b) and 2675(a).  "Thus, a claim is presented pursuant

11  to 28 U.S.C. § 2675(a) when a federal agency actually receives a claim with the specified

12  requirements."  *Wages v. United States*, No. 5:14-CV-04328-HRL, 2015 WL 3809414, at

13  *3 (N.D. Cal. June 18, 2015).

14      Here, there is no dispute that Ms. Auguste-Lewis did not submit her SF-95

15  administrative tort claim to USPS until November 14, 2012—more than a year after the

16  expiration of the two-year statute of limitations set forth in 28 U.S.C. § 2401(b).

17  Accordingly, Ms. Auguste-Lewis's administrative claim was presented outside of the

18  FTCA's two-year statute of limitations and is untimely.

19      **B.  Equitable Tolling**

20      Because Ms. Auguste-Lewis's untimely filed her claim with USPS, the court

21  considers whether to apply equitable tolling.  As the Supreme Court explained in *Wong*,

22  the two-year statute of limitations in 28 U.S.C. § 2401(b) is not jurisdictional and may be

1    equitably tolled.  135 S. Ct. at 1638.  To invoke the doctrine of equitable tolling, a

2    plaintiff must show (1) that she has been pursuing her rights diligently, and (2) that some

3    extraordinary circumstances stood in her way.  *Kwai Fun Wong v. Beebe*, 732 F.3d 1030,

4    1052 (9th Cir. 2013), *aff'd and remanded sub nom. United States v. Kwai Fun Wong*, 135

5    S. Ct. 1625 (2015).  This standard is very high.  *See Irwin v. Dep't of Veterans Affairs*,

6    498 U.S. 89, 96 (1990) (stating "a garden variety claim of excusable neglect" is

7    insufficient to show equitable tolling); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S.

8    147, 152 (1984) ("Procedural requirements established by Congress for gaining access to

9    the federal courts are not to be disregarded by courts out of a vague sympathy for

10   particular litigants."); *Nelmida v. Shelly Eurocars, Inc*., 112 F.3d 380, 384-86 (9th Cir.

11   1996) (affirming the district court's rejection of an equitable tolling argument where the

12   plaintiff did not diligently pursue her claim by filing suit on time).  "The burden is on the

13   plaintiff to show that equitable tolling is appropriate." *United States v. Marolf*, 173 F.3d

14   1213, 1218 n.3 (9th Cir. 1999) (citation omitted).

15        In her response to the United States' motion, Ms. Auguste-Lewis states:  "Due to

16   prolong [sic] medical complication, I was unable to file this until I was in better health."

17   (Resp. at 2.)  This statement provides insufficient grounds for the court to find equitable

18   tolling to be appropriate here.  Ms. Auguste-Lewis fails to explain how her medical

19   condition prevented her from presenting her administrative claim to USPS within the

20   two-year period provided in the statute.  (*See generally* Resp.)  Further, she provides no

21   medical evidence to support her contention.  (*See generally id.*)  Although the court

22   acknowledges that certain medical conditions might prevent a litigant from timely filing

ORDER- 7

1    an administrative claim within a two-year period, without greater detail, the court

2    concludes that Ms. Auguste-Lewis has not met her high burden of establishing that

3    equitable tolling is appropriate.

4           In addition, Ms. Auguste-Lewis asserts that she had difficulty obtaining an SF-95

5    form.  (*See* Resp. at 2 ("I made several attempts in writing and in person requesting the I-

6    95 form. . . . *The lack of accessibility to form I-95 is a violation of my rights to due*

7    *process, the federal courts nor the post office provided this form to me after multiple*

8    *requests.*") (italics in original).)  However, she does not dispute that USPS sent a copy of

9    the form to her attorney of record on December 2, 2009, with instructions on how to file a

10   claim with the agency.  (*See* Bjurstrom Decl. ¶ 10; *see generally* Resp..)  Given the high

11   standard required to invoke equitable tolling, the court finds that it is not appropriate in

12   this case.

13          The court concludes that Ms. Auguste-Lewis failed to timely file her

14   administrative claim with USPS and that she has not met her burden of establishing that

15   the court should equitably toll the limitations period.  Accordingly, the court concludes

16   that the United States has not waived its sovereign immunity with respect to Ms.

17   Auguste-Lewis's claim.  The court, therefore, grants the United States' motion to dismiss.

18   //

19   //

20   //

21   //

22

ORDER- 8

1

## IV.    CONCLUSION

2          Based on the foregoing analysis, the court GRANTS the United States' second

3  motion to dismiss (Dkt. # 39) and DISMISSES Ms. Auguste-Lewis's complaint with

4  prejudice.

5          Dated this 28th day of March, 2016.

6

7

8          _____

9          JAMES L. ROBART
           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 9